*75 ZINTER, Justice
(concurring specially).
[¶ 30.] I concur and write to express concern that we appear to be slowly progressing towards failing to enforce that part of SDCL 25-4-17.2 that prohibits a divorce on the ground of irreconcilable differences “without consent of both parties.” Therefore, I disagree with the Court’s broad statement that “[b]y pleading in the alternative, [extreme cruelty and irreconcilable differences, Angela] impliedly consented to irreconcilable differences, thus meeting the requirements of the statute.” See supra ¶ 17. I would not, in future cases, apply such a rule when there is also evidence of conduct reflecting a withdrawal of implied consent. However, in this case, the evidence of consent is strong. Angela had knowledge of the implied consent case law, and she had an opportunity to comply with it or object to its application. But, she did neither.
[¶ 31.] The record reflects that following the trial, the court orally notified the parties that it would not grant a divorce on the basis of extreme cruelty, but it would consider irreconcilable differences. In response, Angela did not withdraw her request for a divorce on that ground. She merely indicated that she would not “like a divorce on those grounds.”[3] (Emphasis added.) The trial court advised the parties to brief the question of how the court should proceed in light of the fact that “we don’t have a divorce.” The parties briefed the issue. Jason relied on the implied consent language of Dussart v. Dussart, 1996 SD 41, 546 N.W.2d 109, but Angela did not address the implied consent issue. Ultimately, the trial court issued a memorandum decision indicating it would grant a divorce on irreconcilable differences based upon the implied consent reasoning of Dussart.
[¶ 32.] Thereafter, Angela failed to do anything to withdraw her consent or even object to the trial court’s proposed disposition based upon implied consent despite language in Dussart recognizing that post-trial conduct may be sufficient. Instead, Angela filed a motion to reconsider simply rearguing her position that she was entitled to a divorce on the ground of extreme cruelty. The trial court granted Angela’s request for reconsideration. And again, at this hearing, Angela failed to do anything to withdraw her consent or object to the trial court’s proposed disposition based upon Dussart. Rather, Angela simply argued facts supporting extreme cruelty without addressing implied consent.
[¶ 33.] Finally, at the court’s direction, Jason proposed findings of fact and conclusions of law. In Finding of Fact # 6, which was ultimately adopted by the court, Jason proposed that as a result of Angela’s failure to amend her complaint, she impliedly consented to the ground of irreconcilable differences. In responding to this proposed finding, Angela, for the third time, did not object to the finding of implied consent. Rather, Angela objected to the finding on the sole ground that she was entitled to a divorce on the basis of extreme cruelty.[4]
*76 [¶ 34.] Thus, it is quite clear that Angela was aware of the need to do something to withdraw her request for a divorce on the ground of irreconcilable differences, she had the opportunity to do so, but failed to do anything. Moreover, although she had the opportunity, she failed to even object to the court’s proposed determination that she had impliedly consented. For these reasons, I concur.

. Earlier, she indicated she was unwilling to "stipulate to irreconcilable differences.” In my view, had Angela maintained this position in the post-trial proceedings, she would not have impliedly consented to a divorce on the grounds of irreconcilable differences. However, as is explained hereafter, Angela’s post-trial conduct precludes her from relying on the consent requirement on appeal.

. Angela objected to this finding by merely reincorporating her previously filed motion and brief to reconsider, which only argued a factual entitlement to a divorce on the ground of extreme cruelty.